**Eriberto MAREZ TORREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71723.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided April 18, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable

Eriberto Marez Torrez, Downey, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Papu Sandhu, Aviva L. Poczter, DOJ—U.S. Department of Justice

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Eriberto Marez Torrez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance without opinion of an immigration judge's pretermission of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

Marez Torrez contends that the IJ legally erred in determining that he failed to meet the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) due to a voluntary departure in 1995. Marez testified that upon attempting to return to the United States immigration officials stopped him and he agreed to voluntarily return to Mexico. At the IJ's prompting, Marez Torrez further testified that he signed a voluntary departure form.

We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005). However, we previously held that an ad-

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

ministrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

On the record before us, we cannot determine whether Marez Torrez's return to Mexico by immigration officials was the result of an administrative voluntary departure. Moreover, even assuming Marez Torrez accepted administrative voluntary departure, the record is not sufficiently developed for us to determine whether Marez Torrez knowingly and voluntarily accepted administrative voluntary departure. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614 (9th Cir.2006) (explaining that an agreement for voluntary departure should be enforced against an alien only when the alien has been informed of, and has knowingly and voluntarily consented to, the terms of the agreement).

Accordingly, we remand Marez Torrez's case to the Board for further proceedings to determine his eligibility for cancellation of removal. On remand, both the government and Marez Torrez are entitled to present additional evidence regarding any of the predicate eligibility requirements for cancellation of removal, including, but not limited to, continuous physical presence.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.